```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NATARAJAN VENKATARAM, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-6520 (JBS/AMD) |
| v. | |
| OFFICE OF INFORMATION POLICY & JANICE GALLI MCLEOD, | **OPINION** |
| Defendants. | |

APPEARANCES:

Natarajan Venkataram, Pro Se
# 58513-054
Federal Correctional Institution
P.O. Box 2000
Camp Bldg. 6695
Fort Dix, NJ 08640

Paul J. Fishman
United States Attorney
    By:  John Andrew Ruymann
         Assistant United States Attorney
OFFICE OF THE US ATTORNEY
402 East State Street
Suite 430
Trenton, NJ 08608
    Counsel for Defendants

**SIMANDLE**, District Judge:

**I.  INTRODUCTION**

In this case, Plaintiff seeks records from the United States Department of Justice pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  The matter is before the Court on Defendants' motion to dismiss or, as appropriate, grant Defendants summary judgment.  [Docket Item 11.]  The question

before the Court is whether either of the exceptions to FOIA invoked by Defendants apply categorically to Plaintiff's request, such that Defendants may deny the entire request before searching for responsive documents.

**II.   BACKGROUND**

Plaintiff, Natarajan Venkataram, is an inmate at the Federal Correctional Institution at Fort Dix, New Jersey, and he is representing himself without counsel.  He seeks records from the Department of Justice concerning an individual, D.V.S. Raju, who was his co-defendant in a criminal case, United States v. Venkataram, 06-cr-102 (RPP) (S.D.N.Y. July 16, 2008).

According to the superceding indictment in that criminal case, in the years following the terrorist attacks of September 11, 2001, the New York City Office of the Medical Examiner awarded millions of dollars in contracts to software companies for work related to the task of identifying victims of the attacks through the forensic analysis of body parts and other evidence collected at the World Trade Center site, and some of this money was reimbursed by the federal government.  [Docket Item 24 ¶2, 06-cr-102 (RPP) (S.D.N.Y.).]  Venkataram was a city official in charge of the Office of the Medical Examiner's acquisition of software, and D.V.S. Raju was the Chairman and Managing Director of an India-based software and programming

company.  The two men, among others, were charged with a conspiracy involving the fraudulent awarding of software contracts, as well as embezzlement, theft, and other offenses related to the conspiracy.  The indictment states that the conspirators wired approximately $6 million of New York City's funds to D.V.S. Raju on the basis of fraudulent invoices.  [Id. ¶ 13h.]

D.V.S. Raju was subsequently dismissed from the indictment by the federal prosecutors, and Plaintiff entered a guilty plea. Plaintiff maintains that Raju's dismissal from the case is suspicious, and wants to learn about the circumstances surrounding it.[1]  Plaintiff filed a request pursuant to 5 U.S.C. § 552,[2] requesting the following documents:

> a. All documents, papers pertaining to Mr. D.V.S. Raju, co-defendant in the criminal case of U.S. v. Venkataram, Case # 06-CR-102(RPP).
>
> b. All justifications, explanations regarding

---

[1]  Plaintiff alleges in his present Complaint that "Federal Court records show that the $6.2 million [wired to Raju] was invested in an International Shipping Port," (Compl. ¶ 16) but it is not clear whether Plaintiff believes that Raju was dismissed from the criminal case in return for Raju investing the stolen money in some way favorable to the United States, or whether he includes this allegation for some other reason.

[2]  The statute provides with some exceptions that "[e]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).

the Nolle-Prosequi given to Mr. D.V.S. Raju.

(Stearns Dec. Ex-A.)  The ostensible public interest in these documents is learning why the Department of Justice did not seek to recover the millions of dollars alleged to be wrongfully in Raju's possession, and whether the decision not to prosecute Raju was somehow improper.

The Department of Justice responded to Plaintiff's request, informing him that it is their policy not to confirm or deny that records concerning living third parties exist, that disclosure of such records would violate the Privacy Act, 5 U.S.C. § 552(a), and that the records are exempt from release under 5 U.S.C. § 552(b)(6) and (b)(7)(C).  (Stearns Decl. Ex-B.)  Plaintiff appealed that denial using the agency's internal appeals process. The initial decision was affirmed, relying solely on the exceptions at 5 U.S.C. § 552(b)(6) and (b)(7)(C), which are the exceptions pressed by Defendants on this motion.  Exception 6 applies to "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6). Exception 7(C) applies to "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of

personal privacy." 5 U.S.C. § 552(b)(7)(C).[3]

In the present suit, Plaintiff argues that Exceptions 6 and 7(C) do not apply to the records he seeks, because he does not seek "personnel" records, and because the information he seeks could not reasonably be expected to constitute an unwarranted invasion of personal privacy. Defendants argue that any responsive document would necessarily damage Mr. Raju's privacy for unwarranted reasons, and therefore that Plaintiff's entire request may be categorically denied.

## III.  DISCUSSION

### A.  Standard of Review

Under the provisions of 5 U.S.C. § 552, this Court has jurisdiction to perform its own review of Plaintiff's request for information and to determine whether the claimed exceptions apply. 5 U.S.C. § 552(a)(4)(B). The Court is empowered to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. Id. The district court reviews all agency exemptions based on its own review, without deference to the agency's decision. Id. The burden is on the agency to justify its decision to withhold the requested material. Id. The agency

---

[3] Defendants assert no other exception or privilege related to the documents, including Exception 5, which applies to attorney work-product, among other things.

may meet this burden by filing affidavits describing the material withheld and detailing why it fits within the claimed exemption. McDonnell v. United States, 4 F.3d 1227, 1241 (3d Cir. 1993) (citing King v. Department of Justice, 830 F.2d 210, 217-18 (D.C. Cir. 1987)).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  The question on this motion is therefore whether Defendants have shown that the undisputed facts show that one or more FOIA exceptions apply to the entirety of Plaintiff's request.

**B.  Proper Defendants and Scope of the Complaint**

As an initial matter, "[a] plaintiff may not assert a FOIA claim against individual federal officials."  Stone v. Defense Investigative Service, 816 F. Supp. 782, 785 (D.D.C. 1993); see also 5 U.S.C. § 552(a)(4)(B) (providing the Court with jurisdiction to "enjoin the agency").  Consequently, the Court will dismiss the Complaint as against Defendant McLeod.

Additionally, the Court's jurisdiction is limited to circumstances in which an agency has withheld requested information.  To the extent Plaintiff now seeks documents beyond those sought in his exhausted FOIA requests, including documents related to a civil case against Plaintiff and D.V.S. Raju, he must first file the proper request with the agency.  Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 61 (D.C. Cir. 1990) ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.").  Therefore, the Court will grant Defendants summary judgment with respect to Plaintiff's Complaint to the extent it seeks review of the propriety of unexhausted FOIA requests, including Plaintiff's search for records related to the civil case against him.

### C.  Categorical Exemption

Ordinarily, "when an agency seeks to withhold information, it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."  McDonnell, 4 F.3d at 1241 (quoting King, 830 F.2d at 218-19); see also Davin v. U.S. Dept. of Justice, 60 F.3d 1043, 1060 (3d Cir. 1995) ("'[T]here can be no question that the 7(C) balancing test must be conducted

7

with regard to each document, because the privacy interest and the interest of the public in disclosure may vary from document to document.  Indeed, these interests may vary from portion to portion of an individual document.'") (quoting Lame v. U.S. Dept. of Justice, 654 F.2d 917, 923 (3d Cir. 1981)).

In this case, however, Defendants have not compiled an index of responsive documents to which they seek to apply these exceptions; instead, Defendants seek to apply the exceptions to Plaintiff's entire request.  Agencies may exempt specific kinds of records categorically when that type of record fits "into a genus in which the balance characteristically tips in one direction," as the Supreme Court found to be the case with respect to documents compiling an individual's criminal record — so-called rap sheets.  See U.S. Dept. of Justice v. Reporters Committee For Freedom of the Press, 489 U.S. 749 (1989).  A type of document fits into such a genus when it will "always be true that the damage to a private citizen's privacy interest" from disclosure of any responsive document in the category "outweighs the FOIA-based public value of such disclosure." Id. at 779. Thus, since a rap sheet necessarily contains private information about an individual and since disclosure of a rap sheet does not shed light on the conduct of government, rap sheets are categorically exempt from disclosure.  Id. at 762-80.  The question for this Court is whether Plaintiff's request seeks

records for which disclosure of any responsive document would similarly damage a private citizen's privacy interests in a way that always outweighs the public interest in disclosure.

Here, Defendants attempt to exclude from production a much broader category of documents than any previously recognized categorical exception under Exception 6 or 7(C).  They seek to categorically exempt all records pertaining to a particular individual, as well as any records containing justifications or explanations for dismissing that individual from a criminal action.  Defendants maintain that any responsive document would, by the definition of the request, necessarily contain information about Mr. Raju, and therefore all responsive documents are categorically exempt under both Exception 6 and 7(C).  But the mere fact that a document contains information related to a private individual does not mean it contains private personal information, much less that it can categorically be reasonably expected to constitute an unwarranted invasion of personal privacy.  See Davin, 60 F.3d at 1060 (refusing to extend per se exemption under 7(C) to names and identifying data of non-federal law enforcement officers, and noting that the Court previously declined to extend the categorical rule to the names of FBI informants and agents being disclosed in connection to a criminal

investigation).[4]  In the extreme case, suppose that the Department of Justice had a memorandum explaining their discovery that no such individual exists, and that the indictment was mistaken.  This document would not be exempt from disclosure on the basis that it revealed Raju's private information even though it would be responsive to Plaintiff's request.  Even in more plausible circumstances, some responsive documents may contain no private information about D.V.S. Raju (for example, a document stating the agency's belief that, based on the allegations in the superseding indictment, the United States lacks jurisdiction over D.V.S. Raju).  Indeed, even if such documents contained more information about Raju that in the above suppositions, the balance may not inexorably tip toward privacy; the individual in question in this case was indicted for a serious federal crime, as contrasted with some mere witness or person of interest who was not charged.  There may be a heightened public interest in learning about the government's conduct with respect to a criminal defendant and a diminished expectation of personal privacy residing in the accused.  Thus, the government's

---

[4]  In Landano v. U.S. Dept. of Justice, 956 F.2d 422 (3d Cir. 1992) the Court of Appeals determined that it would not afford the FBI a presumption that its informants were all "confidential sources" under Exception 7(D).  The Supreme Court upheld this ruling, but found that the Court of Appeals should have assessed whether the other circumstances of the case would have permitted a narrower presumption about the confidentiality of the informants relevant to that case.  508 U.S. 165 (1993).

justification for a categorical exclusion in this circumstance is of less weight.[5]

Were it the case that an agency could exempt all documents with information related to private individuals without any inquiry into whether the records contained protected private information about the individuals, and without determining whether the private information could be redacted, the Supreme Court's decision in Reporters Committee could have simply observed that the claimants sought information about a particular private individual.  Instead, the Supreme Court performed a lengthy examination of whether the aggregation of information in a "rap sheet" made the record one that contains private information.[6]

---

[5] As a general matter, mere unsupported suspicion of government impropriety does not raise a sufficient public interest to overcome an individual's privacy interest under FOIA. See National Archives and Records Administration v. Favish, 541 U.S. 157, 173-74 (2004).  However, the Court does not reach the question of whether Plaintiff's asserted public interest in the propriety of Mr. Raju's dismissal has adequate support to outweigh Mr. Raju's interest in personal privacy, since the Court does not find that responsive documents would all necessarily contain private information about Mr. Raju.  It is only when the privacy concerns addressed by an exemption are present that the requestor must establish a sufficient reason for the disclosure. Id. at 171.

[6] Although the Court need not reach the question because both Exception 6 and 7(C) require a showing that the records contain private information, it is also not clear that Defendants may invoke 7(C) categorically in this circumstance even if all of the responsive records necessarily contained private information. While it is very likely that some or all of the records maintained by the Department of Justice relating to D.V.S. Raju

Plaintiff's FOIA requests cannot be categorically denied on the basis of Exception 6 or Exception 7(C), because it is quite possible that there are responsive documents that would not implicate either exception. However, this does not mean that any particular documents must be produced, if they even exist. The Court will therefore order the remaining Defendant to show cause why the Court should not remand Plaintiff's original, exhausted FOIA request to the Department of Justice so that the agency may review it in light of this Opinion and determine what documents, if any, must be produced for Plaintiff, with any exemption to be claimed with specificity. Cf. Horizons Int'l, Inc. v. Baldrige, 811 F.2d 154, 162 (3d Cir. 1987) (explaining that if the reviewing court is not able to evaluate a challenged agency action on the administrative record presented, the proper course is to remand the matter to the agency for additional investigation or explanation).[7]

---

are sufficiently related to law enforcement matters to invoke the first prong of Exception 7(C), the Court cannot categorically presume that all such records are law enforcement-related. See, e.g., Abdelfattah v. U.S. Dept. of Homeland Sec., 488 F.3d 178, 186 (3d Cir. 2007) (requiring that agency do more than simply assert the documents were "compiled for law enforcement purposes").

[7] The Court is essentially giving the Department of Justice the opportunity to assemble and review all responsive documents, to disclose those that are not exempt under FOIA Exceptions 6 or 7(C), and to stake out a particularized claim of exemption with respect to each document (or part thereof) that is withheld. The Court seeks Defendant's response to this opportunity not later than June 17, 2011. The Court is not inviting Defendant to

12

**IV. CONCLUSION**

Defendant Janice Galli McLeod is entitled to summary judgment because 5 U.S.C. § 552 does not provide for a cause of action against an individual government employee. And to the extent that the Complaint asks this Court to assess Plaintiff's unexhausted FOIA requests, the Office of Information Policy is entitled to summary judgment as to those requests. However, the Office of Information Policy is not entitled to summary judgment with respect to the exhausted request, because Defendant has not shown that the exceptions asserted apply categorically to the records sought by Plaintiff, and Defendant has made no document-by-document determinations. Because it is now clear that Defendant must either rely on some other basis for withholding the records, or else perform a document-by-document review of responsive records, the Court will order Defendant to show cause why the matter should not be remanded to it for further determinations in light of this Opinion.

The accompanying Order will be entered.


**May 25, 2011**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    United States District Judge

---

reargue for the categorical exemptions which this Opinion rejects.