IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
────────────────────────────
                             :
NATARAJAN VENKATARAM,        :      HON. JEROME B. SIMANDLE
                             :
            Plaintiff,       :      Civil No. 09-6520 (JBS/AMD)
                             :
      v.                     :
                             :           OPINION
OFFICE OF INFORMATION POLICY &  :
JANICE GALLI MCLEOD,         :
                             :
            Defendants.      :
                             :
────────────────────────────
```

APPEARANCES:

Natarajan Venkataram, Pro Se
# 58513-054
Federal Correctional Institution
P.O. Box 2000
Camp Bldg. 6695
Fort Dix, NJ 08640

Paul J. Fishman
United States Attorney
     By:  John Andrew Ruymann
          Assistant United States Attorney
OFFICE OF THE US ATTORNEY
402 East State Street
Suite 430
Trenton, NJ 08608
     Counsel for Defendants

**SIMANDLE,** District Judge:

I.  **INTRODUCTION**

     This matter is before the Court on the Defendant Office of
Information Policy's response to the Court's order to show cause
[Docket Item 23.]  In its order dated May 25, 2011, the Court
ordered Defendant Office of Information Policy to show cause in a
written submission to the Court why the remaining matter,

specifically Plaintiff Natarajan Venkataram's original exhausted
Freedom of Information Act record requests, should not be
remanded to the Department of Justice.  [Docket Item 19.]  For
the reasons discussed below, the Court finds the Defendant's
response insufficient and will remand this matter to the
Department of Justice for a more particularized analysis of the
Plaintiff Natarajan Venkataram's document requests.

## II.   STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

The facts underlying this action were set forth in the
Court's previous opinion in this matter. [Docket Item 18.] The
instant case involves a claim under the Freedom of Information
Act, 5 U.S.C. § 552(a)(4)(B) (hereinafter "FOIA").  The Plaintiff
Natarajan Venkataram ("Plaintiff") seeks records from the Office
of Information Policy, United States Department of Justice,
pertaining to the indictment and subsequent cancellation of the
indictment of Mr. D.V.S. Raju.  Mr. Raju was a co-defendant with
the Plaintiff in a federal criminal indictment charging
embezzlement and money laundering.

The Court issued an opinion denying Defendants' motion for
summary judgment on May 25, 2011. [Docket Item 18.]  The Court
rejected the Defendants' argument that Exception 6 or 7(C) to
FOIA applied categorically to the records sought by the
Plaintiff.  The Court held that "the mere fact that a document
contains information related to a private individual does not

2

mean it contains private personal information, much less that it can categorically be reasonably expected to constitute an unwarranted invasion of personal privacy." [Docket Item 18 at 9.]

The Court then issued an order requiring Defendant Office of Information Policy ("Defendant") to show cause why the remaining matter should not be remanded to the Department of Justice for further determinations in light of the Court's opinion. [Docket Item 19.]

The Defendant Office of Information Policy filed a response to the Court's order to show cause on July 1, 2011. [Docket Item 23.]  The Defendant's main argument is that its response to Plaintiff's FOIA request was consistent with DOJ regulation and the policy of Executive Office of the United States Attorneys ("EOUSA").  EOUSA's policy provides that any person requesting records about a third party must present either the written authorization of the third party or proof that the third party is deceased.  Otherwise, the request would violate the Privacy Act, 5 U.S.C. § 552(a).

The Defendant did acknowledge that there is an exception under the Privacy Act for documents subject to disclosure under FOIA.  However, the Defendant maintains that EOUSA's policy is that records requested pertaining to third parties are also categorically exempt from FOIA under exceptions (b)(6) or (7) and therefore the Privacy Act applies.  (Def.'s Br. at 4-5, 7-8.)

The Defendant also argues that a Glomar response neither confirming nor denying the existence of responsive records was necessary in this case to protect Mr. Raju from being associated with criminal activity.   Therefore, the Defendants contend that a remand would be improper.

The Plaintiff replied to Defendant's Response to the Court's Order to Show Cause on July 21, 2011. [Docket Item 24.]   The Plaintiff maintains that Defendant's response is essentially arguing that EOUSA policy should supersede the FOIA statute.   The Plaintiff contends that the Court should not give deference to EOUSA's agency interpretation of FOIA and relies on Nat'l Cable & Telecommunication Assoc. v. Brand X Internet Servs., 545 U.S. 967 (2005).

This case held that where there is a prior judicial construction of a statute, that construction, "trumps an agency construction otherwise entitled to Chevron deference only if prior court decision holds that its construction follows from the unambiguous terms of the statute and leaves no room for agency discretion." Id. at 982.   The Plaintiff argues that United States Dept. of Justice v. Reports Committee for Freedom of the Press, 489 U.S. 749 (1989) addressed exemptions involving third party privacy interests under FOIA and trumps any agency interpretation of these exemptions.

The Plaintiff also argues that the Defendant's Glomar

4

response was improper.  The Plaintiff maintains that no possible harm can attach to Mr. Raju in being associated with criminal activity because he was formally indicted and consequently, was in fact associated with such criminal activity.  Therefore, the Plaintiff contends that a remand is proper.


## III.  DISCUSSION

The Defendant puts forth two arguments in response to the Court's order to show cause.  First, the Defendant argues that EOUSA's policy supports the categorical denial of Plaintiff's record requests.  Second, the Defendant contends that a Glomar response was appropriate since the Plaintiff requested records pertaining to a living third party without the third party's consent and the requested records might associate the third party with criminal activity.  The Court will address each of these arguments separately.

### A. EOUSA POLICY

The Defendant's argument that its response to Plaintiff's FOIA request was consistent with DOJ regulation and the policy of Executive Office of the United States Attorneys ("EOUSA")raises the same argument that was rejected in the Defendant's motion to dismiss under a different legal theory.  The Defendant still maintains that the exemptions under (b)(6) and (b)(7) of FOIA apply categorically to Plaintiff's claims.  This time, however,

the Defendant argues that the requested records should be withheld because EOUSA's policy in categorically withholding these requested documents relies primarily on the Privacy Act, not FOIA.

This argument is without merit.  The Privacy Act expressly states that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be required under section 552 of this title.

5 U.S.C. § 552a(b)(2).  Section 552 is the Freedom of Information Act.  Therefore, the Defendant is in essence arguing that the Court give deference to EOUSA's policy interpreting the exemptions under (b)(6) and (b)(7) of FOIA.

This argument is contrary to the plain language of the FOIA statute which grants the court de novo review of an agency's refusal to disclose requested records.  Importantly, the statute provides:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the

> <u>agency to sustain its action</u>. In addition to any other
> matters to which a court accords substantial weight, a
> court shall accord substantial weight to an affidavit of
> an agency concerning the agency's determination as to
> technical feasibility under paragraph (2)(C) and
> subsection (b) and reproducibility under paragraph
> (3)(B).

5 U.S.C.A. § 552(a)(4)(B).  Under the statute, the agency is

entitled to no deference with regard to whether records should be

withheld under any of the subsection(b) exemptions.  Indeed, the

agency has the burden to sustain its action of withholding the

documents.  Therefore, Defendant's argument that EOUSA's policy

of categorical non-disclosure is entitled to deference is without

merit and unsupported by the plain statutory language requiring

de novo review by the court.

    **B. GLOMAR RESPONSE**

    The Defendant also argues that its response neither

confirming nor denying the existence of documents requested by

Plaintiff's FOIA request was in accordance with <u>The National</u>

<u>Magazine, Washington Bureau v. U.S. Customs Service</u>, 71 F.3d 885,

894 (U.S. App. D.C. 1995).  The Defendant maintains this response

was necessary because confirmation of the documents would

associate Mr. Raju with criminal activity and denial of the

documents would allow adverse inferences to be drawn.

    A response to a FOIA request which neither confirms nor

denies the existence of responsive records is referred to as a

Glomar Response.  The Glomar Response received its name from a

case involving a FOIA request for records relating to the underwater sea craft called the "Glomar Explorer." <u>Phillippi v. CIA</u>,546 F.2d 1009 (D.C. Cir. 1976).

Exception 7(C) under FOIA allows an agency to withhold from disclosure "investigatory records compiled for law enforcement purposes, or information which if written would be contained in such records, but only to the extent that the production of such records or information would . . . constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  Under this exemption, "a Glomar response may be issued in place of a statement acknowledging the existence of responsive records but withholding them, if confirming or denying the existence of the records would associate the individual named in the request with criminal activity." <u>The National Magazine</u>, 71 F.3d at 893.

In order to determine if a Glomar response is warranted, the court must balance the private and public interests at stake. Courts have continually held that individuals have an "obvious privacy interest cognizable under Exemption 7(C) in keeping secret the fact that they were subjects of a law enforcement investigation" and this "privacy interest also extends to third parties who may be mentioned in investigatory files, as well as to witnesses and informants who provided information during the course of an investigation." <u>The National Magazine</u>, 71 F.3d at 894.  Individuals have a strong privacy interest in not being

8

"associated unwarrantedly with alleged criminal activity." <u>Fizgibbon v. CIA</u>, 911 F.2d 755, 767 (D.C. Cir. 1990).

In this case, the Defendant's argument essentially seeks to enlarge Glomar's protection of persons' identities who may have been <u>investigated</u> for criminal activity to include persons who were actually <u>indicted</u> for it.  Here, the Plaintiff, pursuant to FOIA, requested records "pertaining to Mr. D.V.S. Raju, co-defendant in the criminal case of U.S. v. Venkataram, Case # 06-CR-102." (Supp. Stearns Dec. Ex A. ¶1).  Mr. Raju was not merely investigated for criminal activity; he was formally indicted for charges of conspiracy involving the fraudulent awarding of software contracts, as well as embezzlement, theft and other offenses related to the conspiracy.  Disclosure of the requested records would not associate Mr. Raju "unwarrantedly with alleged criminal activity" because Mr. Raju is already associated with such criminal activity by virtue of his indictment.  <u>Fizgibbon</u>, 911 at 767.  Indeed, it is hard to see any privacy rationale at stake for an individual such as Mr. Raju who was actually indicted for the criminal activity associated with the requested documents.

It is only when the privacy concerns addressed by an exemption are present that the requestor must establish a sufficient reason for the disclosure. <u>National Archives and Records Administration v. Favish</u>, 541 U.S. 157, 171 (2004).

Accordingly, the Court will not address the Plaintiff's asserted public interest in the propriety of Mr. Raju's dismissal since the Court does not find that responsive documents would categorically contain private information about Mr. Raju protected under Exemption 7(C).

Therefore, the Court finds the Defendant's argument that a Glomar response was categorically necessary is without merit.


**IV.  CONCLUSION**

The Defendant's response to the Court's order to show cause continues to argue for the categorical exemptions of Plaintiff's record requests under different legal theories. In its previous opinion, the Court specifically instructed the Defendant that the purpose of the Order to Show Cause was to give "the Department of Justice the opportunity to assemble and review all responsive documents, to disclose those that are not exempt under FOIA Exceptions 6 or 7(C), and to stake out a particularized claim of exemption with respect to each document (or part thereof) that is withheld. . . . The Court is not inviting Defendant to reargue for the categorical exemptions which this Opinion rejects." [Docket Item 18 n.7 at 12-13.]

The Defendant has not complied with the mandate of this Court's previous opinion and instead continues to argue for the exemptions under FOIA to categorically bar Plaintiff's record

requests.  The Defendant's arguments are insufficient and
unpersuasive.

However, nothing in this opinion should be construed as a
determination on whether the requested records should be
released.  This opinion only addresses whether Plaintiff's record
requests were categorically barred under FOIA.

Therefore, the Court will remand this matter to the
Department of Justice for a more particularized analysis of the
documents requested by the Plaintiff.  If the Plaintiff is
dissatisfied with the final decision after remand, the Plaintiff
may reopen the docket.  This Court will retain jurisdiction.


The accompanying Order will be entered.


**October 13, 2011**                    **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  United States District Judge