IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NATARAJAN VENKATARAM,

             Plaintiff,

    v.

OFFICE OF INFORMATION POLICY, et al.,

             Defendants.

HON. JEROME B. SIMANDLE

Civil No. 09-6520 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE,** Chief Judge:

This matter is before the Court on Plaintiff's motion for an order to show cause why Defendant Office of Information Policy should not be held in contempt [Docket Item 28] and Plaintiff's subsequently filed motion to hold Defendant in contempt [Docket Item 36].  THE COURT FINDS AS FOLLOWS:

1. This matter involves Plaintiff's request, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for certain records related to a criminal investigation.  Plaintiff fully exhausted his request for such records before the Department of Justice; his request was denied by the agency without conducting a search for responsive documents based on certain categorical exceptions.  May 25, 2011 Opinion at *3-4 [Docket Item 18].

2. Plaintiff then brought this action seeking judicial review of Defendant's denial of his request.  Defendant moved for summary judgment based on the claimed categorical exceptions; the

Court denied, in part, Defendant's motion on May 25, 2011.  Id.
On October 13, 2011, the Court remanded the matter to the
Department of Justice so that a search for responsive documents
could be conducted and a particularized analysis of the documents
could be produced.  [Docket Items 26 & 27.]

　　　3.  On May 30, 2012, Plaintiff then filed his instant motion
for an order to show cause, stating that he had received no
response to the Court's order and no indication that the
particularized analysis, commonly known as a Vaughn Index, was
forthcoming.  Defendant initially responded to Plaintiff's motion
with the declaration that Defendant, in fact, complied with the
Court's order and had provided 90 pages of records to Plaintiff,
along with a particularized analysis of the information withheld.
Kornmeier Decl. ¶ 5 [Docket Item 30].  On July 16, 2012, AUSA
Ruymann advised that Mr. Kornheiser's earlier declaration was
incomplete because additional records needed to be searched, and
Defendant sought more time to respond as these documents were to
be examined.  [Docket Item 34.]  Defendant notified the Court
that its previous representations were in error, and that, in
fact, a comprehensive search for records responsive to
Plaintiff's FOIA request had not yet been completed.  Id.  On
July 23, 2012, AUSA Ruymann's letter set out a proposed schedule
under which the search would be completed.  [Docket Item 35.]
Namely, Defendant disclosed that the additional documents were

located by the U.S. Attorney's Office in the Southern District of New York and that they would have to be searched and examined for disclosability in response to this Court's Orders.  There was no explanation given for the reasons for Mr. Kornheiser's erroneous certification nor for why these SDNY documents were not identified sooner in response to Plaintiff's FOIA request and this Court's Order of October 13, 2011.

4.  Defendant represents that a comprehensive search for responsive documents in the Southern District of New York will take an estimated 20 hours of search time, which would then be reviewed by the EOUSA in Washington, and could be completed by November 1, 2012.  Defendant further explained that Plaintiff will be required to pre-pay the anticipated cost of the search before Defendant will conduct the search for records responsive to Plaintiff's request.

5.  Plaintiff then filed the instant motion for civil contempt.  [Docket Item 36.]  Plaintiff objects to both the requirement that he pay the cost of the search and the proposed timeline, suggesting that an additional delay of several months is unwarranted and demonstrates bad faith on the part of Defendant.

6.  The Court will deny Plaintiff's motion for contempt, finding the proposed timeline and fee schedule to be in accordance with relevant FOIA statute and regulations, and seeing

no evidence of bad faith on the part of Defendant.

7.   The FOIA statute, 5 U.S.C. § 522(a)(4)(A)(ii)(III), permits the agency conducting a search to charge "reasonable standard charges for document search and duplication" according to published agency regulations.  The Department of Justice has promulgated regulations specifying the costs of searches based on the qualifications of the personnel needed to conduct the search.  See 28 C.F.R. § 16.11(c)(1)(ii).  The estimated cost of conducting a search for documents responsive to Plaintiff's request exceeds $250 under this fee schedule.[1]

8.   When the estimated cost of a search exceeds $250, the agency may require payment of the estimated fee before beginning the search.  See 5 U.S.C. § 522(a)(4)(A)(v); 28 C.F.R. § 16.11(i)(2).  Plaintiff has not, apparently, requested a waiver of fees on the grounds provided in 28 C.F.R. § 16.11(k)(1).[2]

_____

[1] The fee schedule sets out three separate fee rates, depending on the level of expertise required to conduct the search.  Searches conducted by clerical staff are charged at a rate of $4.00 for each fifteen minutes of search; searches conducted by professional personnel are charged at a rate of $7.00 per fifteen minutes; searches conducted by managerial personnel are charged at $10.25 per fifteen minutes.  28 C.F.R. § 16.11(c)(1)(ii).  The record in this case does not reflect Defendant's estimate of what rate(s) Plaintiff's record search will be charged.  However, the Court notes that even if it is charged entirely at $16.00 per hour for 18 hours of search time (Defendant states that it does not charge for the first two hours of search time), the cost of Plaintiff's search will be no less than $288.00.

[2] The only grounds for waiver of fees under FOIA requires that the requester demonstrate to the agency that disclosure of

4

Therefore, the Court sees no reason why Plaintiff should not be required to comply with agency regulations and pre-pay the estimated search fees before the Department of Justice undertakes a time-consuming search.

9.   As to the length of the delay, the Court is concerned about Mr. Kornheiser's erroneous certification but finds no evidence of bad-faith delay or that the amount of time proposed is unreasonable for a comprehensive search for records responsive to Plaintiff's request.  The Court trusts that Defendant has located the potentially responsive documents and will proceed with all due haste when the Plaintiff has paid his search fee. Plaintiff points to no statute or regulation, and the Court finds none in its own research, that would suggest that Defendant's proposed schedule is unusually or unacceptably slow.  The Court herein sets a firm date for Defendant's compliance, which will be 45 days after the date Plaintiff tenders his search fee payment.

10.   Therefore, for the reasons stated above, the Court will deny Plaintiff's motion for contempt.  Defendant's revised response to Plaintiff's FOIA request, including an updated <u>Vaughn</u> index will be due to Plaintiff on the date 45 days after

---

the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and that it is not primarily in the commercial interest of Plaintiff.  To the Court's knowledge, Plaintiff has not requested a fee waiver in this action.

Plaintiff has tendered full pre-payment of the estimated search fee, and Defendant's revised response to Plaintiff's pending motion for an order to show cause will be due seven (7) days thereafter.  The Court reiterates that these deadlines are conditional upon Plaintiff pre-paying Defendant the estimated cost of search in a timely manner.  The accompanying Order will be entered.


**August 9, 2012**                              **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge