IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NATARAJAN VENKATARAM,

            Plaintiff,

    v.

OFFICE OF INFORMATION POLICY,
et al.,

          Defendants.

HON. JEROME B. SIMANDLE

Civil No. 09-6520 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE,** Chief Judge:

This matter is before the Court on Plaintiff's motion for waiver of fees imposed by the Office of Information Policy ("OIP") associated with Plaintiff's request for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. [Docket Item 39.] For the reasons explained below, the Court denies the motion.

1. This action arises out of Plaintiff Natarajan Venkataram's efforts to obtain records from the Department of Justice ("DOJ") concerning the investigation of D.V.S. Raju, who was Plaintiff's co-defendant in a criminal case for conspiracy, embezzlement, theft and other charges related to the conspiracy. [Compl. at ¶¶ 7-15] Mr. Raju later was dismissed from the indictment. [Id. at ¶ 15.] After considerable delays in responding properly to Plaintiff's request for information, described in more detail in Venkataram v. Office of Information

Policy, 823 F. Supp. 2d 261 (D.N.J. 2011) and Venkatarm v. Office of Information Policy, No. 09-6520, 2012 WL 3283485 (D.N.J. Aug. 9, 2012), this Court ordered that Defendant's revised response to Plaintiff's FOIA request, including an updated Vaughn index, will be due to Plaintiff 45 days after pre-payment of the estimated search fee. [Docket Item 38.] According to Plaintiff, the fee in this case is $560. [Pl. Mot. for Waiver at 1.]

2. On August 15, 2012, Plaintiff, unrepresented by counsel, filed this motion to waive the FOIA fee imposed by the OIP. [Id.] Plaintiff argues that he qualifies for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(ii)-(iii) and 28 C.F.R. § 16.11(k), because disclosure of the information sought is in the public interest, as it is likely to contribute significantly to public understanding of the operation or activities of government, and disclosure is not in the commercial interest of the requester. [Id. at 1, 3-4.] Specifically, Plaintiff asserts that disclosure of the documents will reveal "why the Department of Justice did not seek to recover the millions of dollars alleged to be wrongfully in Raju's possession" and will "inform[] the public about the methods and procedures utilized by the U.S. Attorney's Office when formulating the criteria applicable to a request for nolle prosequi." [Id. at 4.] Plaintiff argues that disclosure will be of particular interest to those subject to investigation by the U.S. Attorney's Office and to "an expansive legal

2

community of practitioners and legal scholars . . . ." [Id.]  In
his reply brief, Plaintiff also asserts that he possesses the
ability to disseminate the information sought, because
"representatives from The New York Daily News have sought
detailed interviews with Venkataram" on "numerous occasions since
his conviction" and that Plaintiff "need only telephone The News
and release the information for publication." [Pl. R. Br. at 5.]

        3. Defendant opposes the motion. [Def. Opp'n.] Defendant
asserts that Plaintiff's request should be denied because it is
primarily motivated by Plaintiff's own litigation interest and
"not any interest on his part to contribute to the public
understanding . . . ." [Id. at 5.] Defendant argues that
Plaintiff seeks the documents to help his pending appeal in the
U.S. Court of Appeals for the Second Circuit, see City of New
York v. Venkataram, No. 06-6578, 2009 WL 1938984 (S.D.N.Y. July
7, 2009), appeal docketed, No. 12-0395 (2d Cir. Jan. 30, 2012),
as well as his motion to vacate, set aside or correct his
sentence, pursuant to 28 U.S.C. § 2255, see Venkataram v. U.S.,
No. 11-6503 (S.D.N.Y. filed Sept. 12, 2011). [Id. at 6.]
Additionally, Defendant asserts that Plaintiff has not
demonstrated an ability to disseminate any information he may
obtain to the public.[1] [Id. at 7.]

---

        [1] Defendant chooses not argue that Plaintiff's request
should be denied due to Plaintiff's failure to exhaust
administrative remedies, "[i]n the interest of avoiding any

4. Motions to waive FOIA fees will be granted if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). To determine whether the fee waiver requirements are met, courts must consider: (1) whether the requested records concern the operations or activities of the government, (2) whether disclosure is "likely to contribute" to an understanding of government operations or activities, (3) whether disclosure of the information will contribute to "public understanding," and (4) whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities. 28 C.F.R. § 16.11(k)(2)(i)-(iv). Even if some public interest is served by disclosure, a request for waiver is properly denied if disclosing such information does not significantly contribute to public understanding of government operations. See Schulz v. Hughes, 250 F. Supp. 2d. 470, 474 (E.D. Pa. 2003) ("Although there may be some public interest served by disclosing such information, disclosure of the available documents would not significantly contribute to public understanding of government operations, as required by FOIA."). A

---

further delays in the processing of plaintiff's FOIA request . . . ." [Id. at 1.] Accordingly, the Court will not address the issue of exhaustion.

fee waiver also may be denied if the requester lacks the ability to disseminate the information to the public. See Larson v. Central Intelligence Agency, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (holding that a failure to identify a newspaper to which the requester would release the information was a sufficient basis for denying the waiver request).

5. Federal courts, including district courts in this Circuit, consistently have denied requests for fee waivers by incarcerated individuals when the records sought related to their criminal cases and would serve primarily their own private interests. See e.g., Schulz, 250 F. Supp. 2d. at 474 (denying the request for waiver when "the information requested would primarily serve [requester's] individual interests"); Bansal v. Drug Enforcement Admin., No. 06-3946, 2007 WL 551515 (E.D. Pa. Feb. 16, 2007) (denying the request for waiver because the requester provided no basis for finding that disclosure would contribute significantly to public understanding, despite alleging the documents would show proof of corrupt government practices); McClain v. U.S. Dep't of Justice, 13 F.3d 220, 221 (7th Cir. 1993) (denying a request for waiver by a convicted individual seeking documents related to his prosecution on the grounds that disclosure would not significantly contribute to public understanding, despite assertions that nonprofit organizations and reporters were interested in the records);

McQueen v. United States, 264 F. Supp 2d 502, 526 (S.D. Tex. 2003), aff'd 100 Fed. Appx. 964, 965 (5th Cir. 2004) (denying a request for waiver on the grounds that disclosure would not significantly contribute to public understanding, despite assertions of misconduct in the investigation of his criminal case); and Rizzo v. Tyler, 438 F. Supp. 895, 900 (S.D.N.Y. 1977) (denying a request for waiver on the grounds that disclosure would not serve a significant public interest, despite assertions by the requester that disclosure would contribute to the understanding of the DOJ's efforts to combat organized crime).

6. Here, Plaintiff does not seek records pertaining solely to his own criminal investigation and prosecution, but rather records related to the investigation of his alleged co-conspirator, Mr. Raju. However, as Defendant points out, in Plaintiff's submissions to this Court, Plaintiff has characterized Defendant's delay in turning over the requested records as "damaging to [Plaintiff's] efforts in other, related, federal civil litigation." [Docket Item 33 at 4.] Although the records sought in this case clearly relate to government activity, and even assuming that disclosure of such records is likely to contribute to public understanding of government activity, the Court is convinced that disclosure primarily would benefit Plaintiff and not contribute significantly to public understanding of the U.S. Attorney's Office and the process by

which it decides not to prosecute subjects of criminal investigations. Thus, Plaintiff does not satisfy the significant contribution element necessary to qualify for a fee waiver, and his motion will be denied.

7. Because the Court finds that disclosure will not contribute significantly to public understanding of government activities, and that he seeks the materials primarily for his own use, the Court need not examine whether Plaintiff possesses the ability to disseminate the information requested.

8. Therefore, for the reasons stated above, Plaintiff's motion for waiver of his FOIA fee will be denied. The accompanying Order will be entered.

9. The parties shall notify the Court when Plaintiff has made payment. If payment is not made within thirty (30) days, then the Court will suspend further activity in this case (since the Government's deadlines to answer the Order to Show Cause and to file a revised response to the FOIA request, as set forth in this Court's Order entered August 9, 2012, depend upon such payment of fees for these documents) by entering an Order for Administrative Termination without prejudice to reopen for further proceedings consistent with law.


**September 17, 2012**                    **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge

7