```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NATARAJAN VENKATARAM,<br><br>                  Plaintiff,<br><br>     v.<br><br>OFFICE OF INFORMATION POLICY,<br><br>                  Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 09-6520 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

    This matter is before the Court on Plaintiff Natarajan Venkataram's motion for reconsideration of this Court's entry of summary judgment in favor of Defendant Office of Information Policy, U.S. Department of Justice. [Docket Item 67.] This action arises out of Plaintiff's efforts to obtain records, pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), from the Department of Justice concerning the investigation of Mr. D.V.S. Raju, who was Plaintiff's co-defendant in a criminal case. (Compl. ¶¶ 7-15.) For the reasons explained below, the motion for reconsideration is denied.

    1. The facts and procedural history of this case have been recited at length in Venkataram v. Office of Info. Policy, No. 09-6520, 2013 WL 3871730, at *1-*2 (D.N.J. July 25, 2013), and Venkataram v. Office of Info. Policy, No. 09-6520, 2011 WL 2038735, at *1 (D.N.J. May 25, 2011), and will not be repeated here. Most recently, the Court granted Defendant's motion for

summary judgment on the grounds that "Defendant's search for records was adequate and that all documents described in the Vaughn index were properly withheld under Exemptions 5 and 7(C)." Venkataram, 2013 WL 3871730, at *14.

2. Plaintiff seeks reconsideration of the Court's Order pursuant to L. Civ. R. 7.1(i) and Fed. R. Civ. P. 59(e). (Pl. Mot. Br. at 3-4.) To prevail on a motion for reconsideration, the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." D'Argenzio v. Bank of Am. Corp., 877 F. Supp. 2d 202, 206-07 (D.N.J. 2012) (citing Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The Court will grant a motion for reconsideration "only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." Clark v. Prudential Ins. Co. of Am., --- F. Supp. 2d. ---, No. 08-6197, 2013 WL 1694451, at *1 (D.N.J. Apr. 18, 2013). "[M]ere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process." Telfair v. Tandy, 797 F. Supp. 2d 508, 522 (D.N.J. 2011).

3. As a preliminary matter, Defendant argues that the motion

should be denied as untimely, because Plaintiff filed the motion more than 14 days after the entry of the Court's Order, in violation of L. Civ. R. 7.1(i). The local rule provides: "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i) (emphasis added). Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Plaintiff seeks reconsideration of a final judgment, and because L. Civ. R. 7.1(i) expressly defers to the Federal Rules of Civil Procedure, Plaintiff is entitled to the 28-day filing period permitted under Rule 59(e). See Navarette v. United States, No. 09-3683, 2013 WL 796274, at *2 (D.N.J. Mar. 4, 2013) (permitting the movant 28 days from the entry of summary judgment to file a motion for reconsideration), aff'd, --- F. App'x ---, No. 13-1897, 2013 WL 4714310 (3d Cir. Sept. 3, 2013). The Court's Order was entered on July 25, 2013, and Plaintiff's motion was entered on the docket 28 days later, on August 22, 2013. [Docket Items 66 & 67.] Plaintiff's motion is timely.

4. Plaintiff argues that the Court made three clear errors of law. First, Plaintiff contends the Court overlooked his argument that the nolle prosequi agreement between Mr. Raju and

3

the government -- the main document Plaintiff seeks -- had been "officially acknowledged" by a U.S. Attorney in a federal court proceeding, and therefore disclosure of the document should be compelled over an otherwise valid exemption claim, under Wolf v. CIA, 473 F.3d 370 (D.C. Cir. 2007). (Pl. Mot. Br. at 3-4.) Plaintiff correctly recites the standard for official acknowledgment disclosure: (1) "the information requested must be as specific as the information previously released," (2) "the information requested must match the information previously disclosed," and (3) "the information requested must already have been made public through an official and documented disclosure." Fitzgibbon v. CIA, 911 F.2d 755, 765 (D.C. Cir. 1990). The plaintiff asserting prior disclosure bears the burden of pointing to "specific information in the public domain that appears to duplicate that being withheld." Afshar v. Dep't of State, 702 F.2d 1125, 1130 (D.C. Cir. 1983). Here, Plaintiff asserts that "the document requested . . . exactly matches the document described by AUSA Dember (the 'official acknowledgment'); and the document requested was previously made public through official and documented disclosure." (Pl. Mot. Br. at 4.)

5. The Court will not reconsider its Order on this ground. Plaintiff did not make a proper "official acknowledgment" argument in his opposition to the motion for summary judgment, as he merely argued that "the document was 'officially acknowledged'

4

as existing in the files of the SDNY U.S. Attorney's Office . . . . ."[1] (Pl. Opp'n [Docket Item 58] at 8.) Prior acknowledgment of the <u>existence</u> of a document is not the same as prior disclosure of the information contained within the document and that narrow acknowledgment is insufficient to compel disclosure of the document under <u>Fitzgibbon</u>. Plaintiff did not previously argue that the <u>information</u> contained within the document had been released, and thus he fell short of his burden to show that the information being withheld matches that which was previously released, under <u>Afshar</u>.[2] The Court will not consider new arguments upon a motion for reconsideration. Even now, Plaintiff asserts that the <u>document</u> has been previously acknowledged, but does not fully describe the <u>information</u> that was previously disclosed, and his contention that "the document requested was previously made public through official and documented disclosure" remains unsubstantiated. (Pl. Mot. Br. at 4.) Moreover, Plaintiff's assertion that the government waives protection of a document's contents by acknowledging its

---

[1] Plaintiff also asserts that Mr. Dember "acknowledged the existence of the Government's Agreement . . . ." <u>Id.</u> at 8.

[2] Plaintiff's opposition quoted Mr. Dember as saying, "in June 2007, the Government entered into an agreement with D.V.S. Raju, in which he agreed, among other things, to return the $6.12 million that Venkataram transferred to Visualsoft Technologies between 2002 and 2005." (Pl. Opp'n at 8.) This is the only reference to information contained within the document that has been disclosed.

5

existence would turn FOIA upon its head; for example, every documented listed in a <u>Vaughn</u> index is "acknowledged to exist" but does not become disclosable if a FOIA exemption applies. Plaintiff apparently seeks the document to discover what information has not been released to the public, not merely the information that matches what was previously disclosed. Plaintiff is not entitled to reconsideration on this ground.

6. Next, Plaintiff argues that the Court "misconstrued Kornmeir's [sic] statement" to conclude that Document 2 on the <u>Vaughn</u> index, dated January 12, 2007, is the executed agreement with Mr. Raju that Plaintiff seeks. (Pl. Mot. Br. at 5.) Plaintiff maintains that he seeks a document from June 2007. (<u>Id.</u>) The Court previously addressed this apparent confusion. Mr. John W. Kornmeier, an attorney advisor with the Executive Office for United States Attorneys, explained in a declaration that "[a]n examination of the document shows that although the date of the document, an offer contained in a letter, is January 12, 2007, the date of the acceptance of the offer is not until June 2007." <u>Venkataram</u>, 2013 WL 3871730, at *4. The Court also noted that agency affidavits are entitled to a presumption of good faith. <u>Id.</u> (citing <u>Negley v. FBI</u>, 169 F. App'x 591, 594 (D.C. Cir. 2006). Plaintiff reanimates his argument that the agreement with Mr. Raju was not described in the <u>Vaughn</u> index, but the Court has addressed this point, accepting Defendant's explanation

6

that the agreement appears as Document 2 and noting the absence of any evidence creating a genuine dispute of material fact. Venkataram, 2013 WL 3871730, at *4. Plaintiff is not entitled to reconsideration on this ground.

7. Finally, Plaintiff argues that the Court "mistakenly or inadvertently misapplied the standard used to determine the privacy interest of an individual (Raju) who has been formally indicted but never prosecuted . . . ." (Pl. Mot. Br. at 5-6.) In essence, Plaintiff disagrees with the Court's assessment and balancing of privacy and public interests at stake. (See Pl. Mot. Br. at 5-9.) The Court assessed and weighed these interests at considerable length in its previous Opinion, Venkataram, 2012 WL 3871730, at *9-*14, and will not revisit this determination based on Plaintiff's preferred readings of precedent. Just because Plaintiff, as a self-interested party, may have weighed the interests differently does not mean that the Court committed a clear error of law.

8. Plaintiff having presented no valid grounds for reconsideration of the Court's previous Opinion and Order, the motion for reconsideration is denied. An accompanying Order will be entered.

| | |
|---|---|
| **October 16, 2013** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |